FILED
United States Court of Appeals
Tenth Circuit

**January 16, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

———————————————————

HAZHAR A. SAYED,

    Petitioner - Appellant,

v.

TERRY JACQUES, (S.C.F.) Warden;
THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

    Respondents - Appellees.

No. 24-1282
(D.C. No. 1:23-CV-01880-RMR)
(D. Colo.)

———————————————————

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

———————————————————

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

———————————————————

Hazhar A. Sayed, proceeding pro se,[1] seeks a certificate of appealability (COA) to appeal from the district court's denial of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A). We deny a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Sayed appears pro se, we liberally construe his filings. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## I. Background

While serving a prison sentence in Colorado, Mr. Sayed was charged in state court with three counts of assault on a state corrections officer. The case went to trial, and the jury convicted him on two of the three counts. He appealed to the Colorado Court of Appeals (CCA), which affirmed his conviction. Mr. Sayed then sought postconviction relief in state court, claiming he received ineffective assistance of trial counsel. The trial court denied relief without a hearing, and the CCA affirmed.

In his § 2254 habeas application, Mr. Sayed asserted a Fifth Amendment claim based on the trial court's admission of evidence of Mr. Sayed's silence during the prison investigation and a due process claim based on the trial court's failure to order a competency evaluation. He also asserted the same ineffective assistance claims he pursued in his motion for postconviction relief—namely, that his trial counsel failed to: (1) interview potential witnesses; (2) consult an expert witness concerning the possibility the video of the incident had been altered; or (3) request a self-defense instruction. The district court denied the application in a written order and denied a certificate of appealability. Mr. Sayed then filed the instant application for a COA.

## II. Discussion

To receive a COA, Mr. Sayed must make "a substantial showing of the denial of a constitutional right," § 2253(c)(2), and must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). When the

district court has denied relief on the merits, we must determine as part of our COA analysis whether reasonable jurists could debate the court's decision given the deference owed to the state-court decision under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

### A. Violation of Fifth Amendment Right to Remain Silent

Mr. Sayed claims the trial court violated his Fifth Amendment rights by allowing a prison investigator to testify about Mr. Sayed's post-arrest silence. The CCA rejected this claim on direct appeal, holding that any error was harmless beyond a reasonable doubt because it did not contribute to the verdict. The district court held the CCA's harmlessness determination was not unreasonable. *See Fry v. Pliler*, 551 U.S. 112, 119 (2007) ("[W]hen a state court determines that a constitutional violation is harmless, a federal court may not award habeas relief . . . unless the harmlessness determination itself was unreasonable.") (emphasis omitted)).

Mr. Sayed argues the trial court erred by failing to determine whether a valid evidentiary purpose existed to justify the government's use of his post-arrest silence. But on habeas review, our harmlessness standard assumes error and only asks whether that error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (internal quotation marks omitted). As to the issue of harmlessness, Mr. Sayed makes no argument, and it is therefore waived. *See Therrien v. Target Corp.*, 617 F.3d 1242, 1252-53 (10th Cir. 2010) (holding failure to raise an argument in the opening brief waives that argument). Accordingly, we deny a COA as to this claim.

**B. Due Process Violation Based on Trial Court's Assessment of Competency**

Mr. Sayed claims the trial court violated his due process rights in concluding a competency evaluation was not warranted. The CCA rejected this claim, holding the trial court did not abuse its discretion. The CCA found the trial court's assessment of Mr. Sayed's competency was supported by the following facts: (1) Mr. Sayed instructed his counsel not to pursue an affirmative defense because he was adamant he did not assault the prison officer, thus indicating he had the ability to consult with his lawyer with a reasonable degree of rational understanding; (2) his own counsel stated that he was well spoken and presented well; and (3) the trial court stated that based on its own observation of Mr. Sayed and his pro se pleadings, there was nothing suggesting he was incompetent to proceed.

The district court held the CCA did not unreasonably apply clearly established federal law as determined by the Supreme Court, *see* § 2254(d)(1), nor did Mr. Sayed present evidence to rebut the presumption that the CCA's factual findings were correct, *see* § 2254(e)(1). Mr. Sayed argues the trial court "disregard[ed]" evidence of his incompetency, Opening Br. & Appl. for COA at 14, but he identifies no facts that the trial court failed to consider. Instead, it appears he merely disagrees with the way the trial court weighed the evidence. *See, e.g., id.* (arguing the trial court violated his due process rights "[b]ecause the weight of the evidence . . . demonstrated that sufficient doubt existed as to Mr. Sayed's competency"). In short, Mr. Sayed has failed to present any evidence to rebut the presumption that the CCA's factual findings were correct.

4

Accordingly, we hold that no reasonable jurist could debate the district court's rejection of this claim, and we therefore deny a COA as to this claim.

### C. Ineffective Assistance of Counsel

We review Mr. Sayed's ineffective assistance claims under *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a defendant to show that (1) counsel's performance "fell below an objective standard of reasonableness," *id.* at 688, and (2) the deficient performance prejudiced the defense, *id.* at 692. The deficient performance prong requires a defendant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687. The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

We must review the CCA's resolution of Mr. Sayed's ineffective assistance claims "through AEDPA's deferential lens." *Frost v. Pryor*, 749 F.3d 1212, 1225 (10th Cir. 2014); *see also Lockett v. Trammell*, 711 F.3d 1218, 1248 (10th Cir. 2013) ("[W]e review [the state court's] analysis [of ineffective assistance of counsel claims] under the considerable deference required by *Strickland* itself—in addition to AEDPA deference.").

#### 1. Failure to Interview Witnesses

Mr. Sayed's first ineffective assistance claim was based on his trial counsel's failure to interview every single inmate in Mr. Sayed's cell block. The CCA rejected the claim because "the record clearly establishes that counsel's decision was a strategic one aimed at maximizing her credibility with the jury." R vol.1 at 250. As her counsel

explained, "the mere act of presenting [inmate testimony] could [have] undermined her ability to persuade the jury." *Id.* Mr. Sayed fails to acknowledge the CCA's finding that his counsel made a strategic choice. He insists that his counsel had a duty to investigate. But as the district court correctly observed, the question under *Strickland* is not whether counsel could have done more, but whether the decision not to do more was "'[objectively reasonable] under all the circumstances, applying a heavy measure of deference to counsel's judgments.'" R vol. 1 at 359 (quoting *Turrentine v. Mullin*, 390 F.3d 1181, 1209 (10th Cir. 2004)). Mr. Sayed has not established that reasonable jurists could debate the district court's rejection of this claim. Accordingly, we deny a COA.

### 2. Failure to Retain Expert

Mr. Sayed next asserts that his counsel was ineffective in failing to retain an expert to determine whether the video evidence of the incident had been altered. The CCA rejected this claim because his counsel consulted an individual she believed to be knowledgeable concerning Mr. Sayed's theory, and that individual told her there were no signs the video had been tampered with. The CCA therefore held counsel's decision not to pursue Mr. Sayed's theory was a strategic one based on a reasonable exercise of professional judgment. R. vol. 1 at 251-52 ("[C]ounsel's decision to cut short her pursuit of [Mr.] Sayed's tampering theory was based on her reasonable professional judgment."). The district court held the CCA's resolution of the claim was not an unreasonable determination of the facts under § 2254(d)(2), and that Mr. Sayed had not produced any evidence to rebut the "'strong presumption of reasonableness'" that attaches to strategic

6

decisions, "'including whether to hire an expert.'"  R. vol. 1 at 361 (quoting *Dunn v. Reeves*, 594 U.S. 731, 739 (2021)).

Mr. Sayed disagrees with the CCA's findings and argues his counsel's investigation was not sufficiently thorough.  But the CCA's decision is consistent with *Strickland*, in which the Supreme Court held that "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  466 U.S. at 690-91.  We hold that reasonable jurists could not debate whether this claim should have been resolved in a different manner.  We therefore deny a COA as to this claim.

### 3.  Failure to Request Self-Defense Instruction

The CCA denied Mr. Sayed's last ineffective assistance claim on state-law grounds.  Under Colorado law, "a defendant is not entitled to an affirmative defense instruction if he denies committing the charged crime."  *People v. Snider*, 491 P.3d 423, 429 (Colo. Ct. App. 2021).  The CCA held that even if the court assumed deficient performance, Mr. Sayed could not prove prejudice under *Strickland* because he denied having committed the charged crime and therefore would not have been entitled to a self-defense instruction.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Accordingly, the district court denied this claim "[b]ecause this Court is bound to accept the CCA's conclusion

7

regarding its interpretation of Colorado criminal law." R. vol. 1 at 364. In his application for a COA, Mr. Sayed contends that Colorado state law does not in fact require a defendant to deny having committed the charged crime in order to be entitled to a self-defense instruction. That is precisely the type of state-law question a federal habeas court may not examine. No reasonable jurist could debate the district court's analysis of this claim, and we therefore deny a COA.

### D. Right to Control Defense

Finally, Mr. Sayed's habeas application contained what the district court characterized as "stray allegations," R. vol. 1 at 362 n.2, suggesting that his counsel's failure to request a self-defense instruction "intruded" on his right to control his own defense within the meaning of *McCoy v. Louisiana*, 584 U.S. 414 (2018). Liberally construing Mr. Sayed's "stray allegations" as a separate claim, the district court rejected it because Mr. Sayed failed to properly exhaust the claim in state court. *See* § 2254(b)(1)(A). We hold that no reasonable jurist would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

In his application for a COA, Mr. Sayed makes an argument he did not assert before the district court. He contends that the district court should have construed his *McCoy* claim as one invoking *Martinez v. Ryan*, 566 U.S. 1 (2012), in which the Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel." *Id.* at 9. Mr. Sayed did not make this argument before the district court. As a general rule, we will not consider issues raised for the first time on appeal, and

Mr. Sayed offers us no reason to make an exception in this instance. *See Dockins*,

374 F.3d at 940 (court of appeals may decline to consider argument in application for

COA not presented first to the district court).

### III. Conclusion

We deny Mr. Sayed's request for a COA and dismiss this matter.[2] We grant his

motion for leave to proceed in forma pauperis.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[2] Mr. Sayed also broadly asserts the district court "deprive[d] [him] of his right to receive liberal construction" of his pro se pleadings. Opening Br. & Appl. for COA at 6. But the rule on which Mr. Sayed relies does not confer any rights, nor does it elevate losing arguments into winning ones. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (pro se pleadings are to be construed liberally, but pro se status does not relieve litigant "of the burden of alleging sufficient facts on which a recognized legal claim could be based"). At any rate, we are satisfied that in reviewing Mr. Sayed's habeas claims, the district court liberally construed his pleadings.